## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STEVEN ANDERSON, #M40897,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 20-cv-00151-SMY** |
| | ) | |
| **JEREMY THOLE and** | ) | |
| **C/O LOWERY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Steven Anderson, an inmate of the Illinois Department of Corrections currently incarcerated at Western Illinois Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Centralia Correctional Center. Plaintiff asserts a claim under the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was assaulted by several other prisoners. Another prisoner who attempted to intervene was also assaulted. Correctional Officers Thole and Lowery witnessed the assault but waited 10-15 minutes to

intervene.  Plaintiff suffered a broken hand and other injuries as a result of the assault.

Based on the allegations in the Complaint, the Court designates the following single Count:

Count 1:    Eighth Amendment deliberate indifference claim against Defendants for failing to intervene and/or protect Plaintiff while he was being assaulted by other prisoners.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]

## Discussion

Failure to intervene to protect an inmate from assault may constitute deliberate indifference in violation of the Eighth Amendment.  *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008).  However, a correctional officer "is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put [the officer] in significant jeopardy."  *Id.* (quoting *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007)).  At this stage, the allegations in the Complaint are sufficient to allow the Eighth Amendment claim in Count 1 to proceed against Defendants.

## Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel.  *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).  Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases.  *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  When deciding whether to recruit counsel for an indigent litigant, the Court must consider two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654.

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff has provided numerous letters from attorneys declining representation in this matter, and has therefore demonstrated reasonable efforts to obtain counsel on his own.  That said, this case involves a single, straightforward claim and is in the early stages of litigation. Through his pleadings and filings, Plaintiff has demonstrated that he has the ability to articulate clearly and effectively on his own behalf.  Accordingly, the Motion for Recruitment of Counsel (Doc. 3) is denied.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 will proceed against Jeremy Thole and C/O Lowery.  The Clerk of Court shall prepare for Thole and Lowery: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Docs. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 6, 2020**

_s/ Staci M. Yandle_____
**STACI M. YANDLE**
**United States District Judge**

4

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.