# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN ANDERSON, #M40897, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:20-cv-00151-SMY |
| JEREMY THOLE and ZACH LOWERY, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies. (Doc. 24). Plaintiff file a response in opposition. (Doc. 27). Based on the undisputed facts in the written submissions of the parties, the Court finds that a hearing on the motion is not necessary. For the following reasons, the motion is **GRANTED**.

## FACTS

Plaintiff Steven Anderson filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights at Centralia Correctional Center ("Centralia"). Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on an Eighth Amendment claim against Defendants for failing to intervene and/or protect him while he was being assaulted by other prisoners on August 22, 2018.

Defendants contend Plaintiff failed to exhaust his administrative remedies. They assert he did not file any grievances from August 1, 2018 through December 30, 2018 regarding a failure to intervene and/or protect with the grievance officer, Centralia's Warden, or Administrative Review Board ("ARB"). In support of their motion, Defendants offer Affidavits from a Centralia

Grievance Officer and an ARB member.   (Doc. 25-1, pp. 1-3; Doc. 25-2, pp. 1-3).

Plaintiff maintains that he exhausted the administrative remedies available to him and offers grievances dated September 14 and 16, 2018 that he alleges he submitted at the institutional level and to the ARB.  (Doc. 27, pp. 7-10).  In the September 14 and 16, 2018 grievances, Plaintiff complained about a disciplinary report that arose from the August 22, 2018 altercation. (*Id.*, pp. 7, 9).  In the summary of grievance section, Plaintiff states he was improperly found guilty of violations for dangerous disturbances, intimidation or threats, and fighting, even though he was only protecting himself.  (*Id.*).  He alleges he was attacked by three inmates, but the officer did not include that information in the report. (*Id.*).  He requests that the guilty findings and punishment be reconsidered and taken off his record.  (*Id.*, pp. 7, 9).  There is a "received" stamp for the ARB dated October 2, 2018, but no counselor, grievance officer, or CAO response noted on the grievance forms.  (*Id.*).

## LEGAL STANDARDS

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Under the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).   "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving."  *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).  To properly exhaust administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."

*Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit requires strict adherence to the exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

An inmate in the custody of the Illinois Department of Corrections ("IDOC") must follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 ILL. ADMIN. CODE § 504.800, *et seq*. The inmate is required to file a grievance with the counselor within 60 days of the discovery of an incident, occurrence, or problem.[1] 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain factual details regarding each aspect of the prisoner's complaint, including what happened, when, where, and the name of the person who is the subject of the complaint, and, if the prisoner does not know the name, they must describe such person with as much detail as possible. 20 ILL. ADMIN. CODE § 504.810(c). If the complaint is not resolved through a counselor, the grievance may be submitted to a grievance officer who must render a written recommendation to the Chief Administrative Officer ("CAO"). 20 ILL. ADMIN. CODE § 504.830(e). The CAO then advises the inmate of the final decision on the grievance. *Id.*

If not satisfied with the decision of the CAO, an inmate may appeal to the ARB. 20 ILL. ADMIN. CODE § 504.850(a); *see also Dole*, 438 F.3d at 806-07. The appeal must be received by the ARB within 30 days after the date of the CAO's decision. 20 ILL. ADMIN. CODE § 504.850(a). The inmate must attach copies of the Grievance Officer's report and the CAO's decision to his appeal. *Id.* The ARB will submit a written report of its findings and recommendations to the IDOC Director who shall review the same and make a final determination. 20 ILL. ADMIN. CODE § 504.850(D) AND (E).

---

[1] The Administrative Code allows a prisoner to submit a grievance directly to the ARB in certain limited circumstances, none of which are applicable to this case (protective custody placement, involuntary psychotropic medication, and disciplinary or other issues that arose at a facility other than the facility where the prisoner is currently housed). 20 ILL. ADMIN. CODE § 504.870.

## DISCUSSION

Plaintiff contends he did not receive responses to his grievance and therefore, he exhausted the administrative remedies available to him. However, a lack of response does not render any grievance he filed retrospectively adequate; it merely excuses his failure to take any further steps that would normally be required from that point. As the Ninth Circuit has articulated, "a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening. In particular, the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court…" *Sapp v. Kimbrell*, 623 F.3d 813, 823–24 (9th Cir. 2010). This Court finds the Ninth Circuit's rationale persuasive and adopts the same.

Assuming Plaintiff did not receive a response to the September 14 and 16, 2018 grievances, the question is whether the grievances, if pursued through all levels of the grievance process, would have sufficed to exhaust the claim in this lawsuit. The grievances, which pertain to the disciplinary action taken against Plaintiff, do not address or raise an issue regarding staff members failing to intervene or failing to protect him when he was allegedly being assaulted by other inmates. As such, they did not put prison officials on notice of the claims in this lawsuit, which is what was required for Plaintiff to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 24) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

**IT IS SO ORDERED.**

**DATED: June 22, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**